IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DPR, NORCROSS, LLC,

    Plaintiff,

v.

LATASHA WALKER,

    Defendant, pro se.

CIVIL ACTION FILE

NO. 1:17-CV-3312-TWT-WEJ

**ORDER AND**
**FINAL REPORT AND RECOMMENDATION**

Defendant pro se, Latasha Walker, is facing a dispossessory proceeding in the Magistrate Court of Gwinnett County. Defendant seeks to remove that case to this Court and has submitted an Application to Proceed in forma pauperis ("IFP") [1] showing that she is unable to pay the removal fee at this time. Accordingly, the undersigned **GRANTS** the motion to proceed in forma pauperis. However, the Court is compelled to remand any action which has been improperly removed; therefore, the undersigned examines this case to determine if removal is proper. Nat'l Parks Conservation Ass'n v. Norton, 324 F.3d 1229, 1240 (11th Cir. 2003)

(explaining that federal courts have an obligation to dismiss an action sua sponte if subject matter jurisdiction is lacking).

Defendant is a legal resident of Norcross, Georgia. (IFP Application 5.) In the Petition for Removal [1-2], defendant alleges that she has various federal law counterclaims claims against plaintiff, DPR, Norcross, LLC, and seeks to remove a "Dispossessory Proceeding" filed in the Magistrate Court of Gwinnett County to this Court. (See id. Attach.)

A party who removes a state court case to federal district court pursuant to 28 U.S.C. § 1441 must prove that the court possesses "original jurisdiction." McNutt v. Gen. Motors Acceptance Corp. of Ind., 298 U.S. 178, 189 (1936). Moreover, removal jurisdiction is construed narrowly, with all doubts resolved in favor of remand. See Pacheco de Perez v. AT&T Co., 139 F.3d 1368, 1373 (11th Cir. 1998). The removing party has the burden of demonstrating the propriety of removal, Diaz v. Shepard, 85 F.3d 1502, 1505 (11th Cir. 1996), and federal courts have an obligation to dismiss an action sua sponte if subject matter jurisdiction is lacking, Nat'l Parks Conservation Ass'n, 324 F.3d at 1240.

Original jurisdiction arises if there is diversity of parties or a federal question. 28 U.S.C. § 1441(a)-(b). However, § 1441(b)(2) bars removal on the basis of diversity if the "defendant[] is a citizen of the State in which [the] action

2

is brought." Id. § 1441(b)(2). Likewise, unless a "substantial" federal question is presented on the face of the state court complaint, the case does not arise under federal law. Rivet v. Regions Bank of La., 522 U.S. 470, 475 (1998); Kemp v. Int'l Bus. Machs. Corp., 109 F.3d 708, 712 (11th Cir. 1997). Neither a defendant's answer nor a notice of removal may be used to establish federal question jurisdiction. Gully v. First Nat'l Bank, 299 U.S. 109, 113 (1936); Buice v. Buford Broad., Inc., 553 F. Supp. 388, 389 (N.D. Ga. 1983).

Because defendant is a Georgia domiciliary, the Court does not have diversity jurisdiction over this Gwinnett County action. Likewise, the pleadings indicate no federal question. Plaintiff cannot be subjected to federal jurisdiction after having filed for eviction on state law grounds in state court. Accordingly, because defendant has failed to demonstrate any lawful basis for removal of the action, the undersigned **RECOMMENDS** that this action be **REMANDED** to the Magistrate Court of Gwinnett County pursuant to 28 U.S.C. § 1447(c).

For the reasons set forth above, the undersigned **GRANTS** the Application to Proceed in District Court without Prepaying Fees or Costs [1] for the limited purpose of remand, and **RECOMMENDS** this case be **REMANDED** to the Magistrate Court of Gwinnett County, Georgia.

The Clerk is **DIRECTED** to terminate the reference to the undersigned Magistrate Judge.

**SO ORDERED AND RECOMMENDED**, this 1st day of September, 2017.

_____
WALTER E. JOHNSON
UNITED STATES MAGISTRATE JUDGE